Copy

| UNITED STATES BANKRUPTCY COURT |
| --- |
| DISTRICT OF NEW JERSEY |
| Caption in Complince with D.N.J.L. LBR 9004-1(b) |
| **SEAN R. BROTHERS** |
| **ASHLEY R. BROTHERS** |
| 2337 SOUTH BRANCH ROAD |
| BRANCHBURG TWP, NJ 08853 |
| (516) 426-1852 |
| In Re: |
| **Joseph W. Coiro, ESQ.** |
| 844 Eason Avenue |
| Somerset, NJ 08873-1824 |
| (732) 249-7300 |
| (PREVIOUS ATTORNEY FOR DEBTORS) |



Case#: 16-21401/CMG
Chapter: 13
Hearing Date: 6/14/17
Hearing Time: 12 : 00 PM
Judge: Gravelle

# NOTICE OF MOTION TO

*Relief sought:* **Receive monies paid to Mr. Joseph Coiro back in the amount of $4,000.00**

ASHLEY R. BROTHERS has filed papers with the court to receive a refund from Mr. Coiro in the amount of $4,000.00. Mr. Coiro was paid $4750.00. I have subtracted $560.00 which includes the court filing fee ($310.00) and the case fee payment ($250.00) from the original payment given to Mr. Coiro. In addition I have subtracted $190.00 for his services.

**YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (IF you do not have an attorney, you may wish to consult one.)**

Case#: 16-21401/CMG
Chapter: 13
Hearing Date: 6/14/17
Hearing Time: 12 : 00 PM
Judge: Gravelle

# Copies have been mailed to:

# Mr. Joseph Coiro
# 844 Eason Avenue
# Somerset, NJ 08873

# Albert Russo, Standing Trustee
# CN 4853
# Trenton, NJ 08650

If you, or your attorney, do not take the steps outlined above, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

**Date:** 5/2/2017

**Signature:** *Ashley Brothers*

| UNITED STATES BANKRUPTCY COURT |
| --- |
| DISTRICT OF NEW JERSEY |
| Caption in Compliance with D.N.J.L. LBR 9004-1(b) |
| Sean R. Brothers<br>Ashley R. Brothers<br>2337 South Branch Road<br>Branchburg, NJ 08853<br>(516) 426-1852 |
| In Re: |
| Joseph W. Coiro, ESQ.<br>844 Easton Avenue<br>Somerset, NJ 08873-1824<br>(732) 249-7300<br>(Previous attorney for debtors) |



Case#: 16-21401/CMG
Chapter: 13
Hearing Date: 6/24/17
Hearing Time: 12 : 00 PM
Judge: Gravelle

# CERTIFICATION IN SUPPORT OF MOTION TO RECEIVE FUNDS BACK THAT WERE PAID TO JOSEPH W. COIRO

Ashley Rose Brothers hereby certifies as follows:

1. I retained Joseph W. Coiro, Esq. on Tuesday, May 10, 2016.

2. Upon retaining Mr. Coiro I explained our grey background entirely. Mr. Coiro ensured me that things would get worse before then got better, like poking a beehive. He was made aware that we could not afford the arrears prior to retaining him.

3. Mr. Coiro did appear at the 341(a) hearing held on July 28, 2016. Mr. Coiro pulled my husband and me into the hallway when he saw how hysterical I was. He explained I had nothing to worry about, this wasn't the confirmation hearing. He explained that we would be asked a few questions about our finances which we answered truthfully. An objection came back stating that we did not include our income tax return as part

of our income. Mr. Coiro was supposed to let the trustee know that due to an issue between New York and New Jersey we had not received full tax return for the year and what we had received has already been paid to the trustee and Wells Fargo. I provided documentation from the state to back this claim up.

4. Mr. Coiro was aware of the fact that I was fighting Wells Fargo on ethical issues. He was provided with over 100 documents that he said he would then share with the courts as well as the trustee on our behalf. But, he said that he did not think the trustee or judge would care.

5. Wells Fargo did not file their Proof of Claim until October 13, 2016. I provided Mr. Coiro with the most up to date information when I retained him which stated we owed $94,582.15 to bring the mortgage current. The Proof of Claim provided by Wells Fargo Home Mortgage stated that we owed $101,588.70. I highlighted and provided Mr. Coiro with quite a few discrepancies which he ensured me he passed on to the correct people.

6. I provided Mr. Coiro with the cancelled check from Mr. and Mrs. Richard Brothers which was one of the payments Wells Fargo claimed we missed. Mr. Coiro was fully aware of what we were seeking and told me that the courts and trustee would not reaffirm the mortgage. He explained that any changes to the arrears would have to be submitted by Wells Fargo.

7. Mr. Coiro suggested I work directly with Wells Fargo since I was versed in all of the issues I had with them over the course of the last six and a half years. He said he would

fax over a power of attorney allowing me to contact them directly. He experienced difficulties working with Wells Fargo as they misplaced his Power of Attorney three times and called his office twice to get permission to speak with me.

8. Mr. Coiro was kept in the loop 100% of the time. He was made aware that I wanted to contact the Governor, President, Consumer Protection Financial Bureau, Bankruptcy Courts, NJ Attorney General and, Trustee. In fact, he gave me his go ahead prior to me sending any documentation out to the agencies listed above.

9. On December 14, 2016 I reached out to Mr. Coiro because I received a large packet in the mail from Wells Fargo. It was a response to one of the complaints I had filed with the Consumer Protection Financial Bureau. In their response they stated *"Ashley Brothers requested that we lower the principal balance to $404,000.00, forgive the past due balance, and keep the interest rate at 2% until 2020. In order to determine what the customer may qualify for a new review will have to be completed..."* I asked Mr. Coiro if he thought I should apply for the modification and if so, would I be able to get an adjournment since Wells Fargo's response came so close to the Confirmation Hearing.

10. Mr. Coiro was made aware of why we were requesting an adjournment and encouraged me to aggressively apply for the modification. He reached out the the trustee's office and replied by telling me *"...after much begging and pleading, the trustee's office has agreed to adjourn your confirmation."*

11. Missing.

12. Mr. Corio was made well aware that we were running out of money. I asked him several times to submit the budget I provided him with when I retained him back in June, 2016. He never complied with my wishes and did not include all of the debts I provided him with to the court or trustee. Mr. Coiro also included a debt that is owned by my father which has resulted in a negative effect on his credit.

13. I reached out to Mr. Coiro first to request an adjournment because we were in the middle of the modification process and nothing had been finalized yet. He told me that the trustee would not grant anymore adjournments and said *"you are, of course free to seek your modification with WF until your heart's content."* I always reached out to Mr. Coiro prior to contacting anyone else. Unfortunately, Mr. Coiro was not as invested in this case as I was which resulted in more hardship than relief. It was only at this point that I reached out to Mr. Russo's office to request an adjournment on my own behalf.

14. I went up to the Bankruptcy court on Tuesday, February 14, 2017 after Mr. Coiro dismissed me and my multiple requests. I spoke with the court deputy and explained my current situation with Mr. Coiro. I explained that I was looking for an adjournment and no longer wanted him to represent me. She explained that I need to let him know as soon as possible, which I did immediately when I got home. The email was sent on Tuesday, February 14, 2017 at 4:24PM. Mr. Coiro responded back to the email at 6:14PM on the same day.

15. The attorney client relationship is in fact irretrievably damaged but due to Mr. Corio's actions. I have been nothing but honest with Mr. Coiro since the day I met him.

16. I am aware of the hearing date scheduled for April 19, 2017. I did make the court aware that I cannot appear at 9:00 AM since I am the only caretaker in my home and have three young children that need to be put on the bus for school at 8:29PM.

17. I do not want Mr. Coiro representing me any further. He has proven to be exceptionally untrustworthy. I do not feel he deserves the $5,100.00 I paid him to represent us as he has not complied with any of my concerns or wishes.

18. On Tuesday, December 13, 2016 I received an email from Joe Coiro confirming all of the documentation I submitted to him had been overnighted to Wells Fargo's attorney's as well as the Trustee's Office. However, on April 19, 2017 at 2:15 PM Gina, from the trustee's office informed me that they never received said paperwork from Mr. Coiro and that it would in fact need to be submitted by filing a motion with the court.

19. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements is willfully false, I am subject to punishment.

DATED: May 2, 2017

*Ashley Brothers*

Ashley R. Brothers (Debtor)

*[signature]*

Sean R. Brothers (Debtor)

**MARIANO & COIRO, P.C.**
844 Easton Avenue
Somerset, N.J. 08873-1824
(732) 249-7300
www.MarianoCoiro.com

                                                                 Page: 1

SEAN R. & ASHLEY R. BROTHERS                                                       06/02/2016
2337 SOUTH BRANCH ROAD                                         ACCOUNT NO:     14388-001W
NESHANIC STATION NJ 08853                                      STATEMENT NO:           1

BANK/CHAPTER 13

                                                                                                             INTERIM STATEMENT

                                                                                                                 HOURS

| Date | Description | Amount |
|---|---|---:|
| 05/20/2016 | Fixed Fee for Chapter 13 Bankruptcy representation, as per legal representation agreement executed by client and Firm, including meeting with client; review of client-provided financial records, information, and documentation; preparation of bankruptcy petition and Chapter 13 Plan for filing with Court; attending creditor's meeting with client; and attending Confirmation Hearing, if required by Court (Legal Fees = $4,000.00). | |
| | Miscellaneous: Emergent Filing fee ($750.00) | |
| | FOR CURRENT SERVICES RENDERED | 4,750.00 |
| 06/03/2016 | Miscellaneous: Payment of $1,810.00 received; thank you. | -1,810.00 |
| | TOTAL CREDITS FOR FEES | -1,810.00 |
| 05/22/2016 | Chapter 13 Court filing fee ($310.00) | 310.00 |
| 05/22/2016 | Chapter 13 Case Fee Payment ($250.00) | 250.00 |
| | TOTAL EXPENSES | 560.00 |
| | TOTAL CURRENT WORK | 3,500.00 |
| 05/22/2016 | Payment- Bankruptcy | -3,500.00 |
| | BALANCE DUE | $0.00 |

PLEASE REMIT PAYMENT TO "MARIANO & COIRO, P.C." PAYMENTS RECEIVED AFTER THE LAST DAY OF THE SUBJECT BILLING MONTH WILL APPEAR ON YOUR NEXT STATEMENT. PLEASE NOTE THAT WE ACCEPT VISA, MASTERCARD & DISCOVER. PLEASE CALL TO PAY BY CREDIT CARD.

### Read These Important Warnings

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

---

**Chapter 12: Repayment plan for family farmers or fishermen**

+ $200    filing fee
  $75    administrative fee
  $275    total fee

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

**Chapter 13: Repayment plan for individuals with regular income**

+ $235    filing fee
  $75    administrative fee
  $310    total fee

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

>   domestic support obligations,
>
>   most student loans,
>
>   certain taxes,
>
>   debts for fraud or theft,
>
>   debts for fraud or defalcation while acting in a fiduciary capacity,
>
>   most criminal fines and restitution obligations,
>
>   certain debts that are not listed in your bankruptcy papers,
>
>   certain debts for acts that caused death or personal injury, and
>
>   certain long-term secured debts.

6/13/16 9:09AM

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## District of New Jersey

In re: **Sean R. Brothers**
**Ashley R. Brothers**
_____
Debtor(s)

Case No. _____
Chapter **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept                          $ **3,500.00**
   Prior to the filing of this statement I have received                 $ **3,500.00**
   Balance Due                                                            $ **0.00**

2. The source of the compensation paid to me was:

   ■ Debtor    ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ■ Debtor    ☐ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**June 13, 2016**
_Date_

**/s/ Joseph W. Coiro, Esq.**
Joseph W. Coiro, Esq. 2461
_Signature of Attorney_
**Mariano & Coiro, P.C.
844 Easton Avenue
1st Floor
Somerset, NJ 08873-1824
(732) 249-7300  Fax: (732) 214-0136
jwcesq1@aol.com**
_Name of law firm_

```
Sean R Brothers                                              1117
Ashley R Brothers                                         50-7365/2214
2337 S Branch Rd
Branchburg, NJ 08853                  5/10 20 16

Pay to the
Order of   Mariano & Coiro, P.C.           $ 3500.00/xx

Three thousand Five Hundred 00/xx ———— Dollars

Bethpage FCU

For _____         Ashley Brothers
```